## GRAYBURG OIL CO. v. NEVILL et al. (No. 7863.)

Court of Civil Appeals of Texas. San Antonio. Nov. 30, 1927.

Rehearing Denied Dec. 23, 1927.

1. Sales ⬥52(6)—Evidence held to show sale to partnership of which defendant plaintiff's agent was member.

Where oil company's agent sold gasoline to association for three cents less per gallon than to dealers, but three cents were added in ledger after agent made sale, and oil company brought action against agent for money not turned over to them, held, that the evidence was sufficient to justify court in deducting increased sum from claim of oil company.

2. Banks and banking ⬥130(3)—Bank in which agent deposited collections to individual account was not liable to principal charged with knowledge.

In action by oil company for sums collected by agent and not turned over to company, bank in which agent made deposits of checks drawn in favor of company to his individual credit, out

(300 S.W.)

of which checks made payable to company were paid, was justified in assuming that agent had right and authority to act, where principal was charged with knowledge that agent was apparently clothed with authority to have checks placed to his individual credit and paid according to his direction.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Grayburg Oil Company against H. D. Nevill and others for recovery of money. Judgment for plaintiff against H. D. Nevill and that plaintiff take nothing as to Commercial National Bank, and plaintiff appeals. Affirmed.

Victor Keller, of San Antonio, for appellant.

Cunningham, Moursund & Johnson, of San Antonio, for appellees.

FLY, C. J. Appellant sought a recovery from H. D. Nevill and the Commercial National Bank of San Antonio, of the sum of $4,051.31, based on allegations that appellant had sold certain products to certain parties engaged in the retail sale of oil and gasoline in Seguin, and that H. D. Nevill, instead of delivering the collections from said parties to appellant, had deposited the same in the said bank in his own name and received credit for the same on the books of said bank; that Nevill paid to appellant $4,103.77 of the amount collected by him from the Seguin dealers, the whole amount of said collections being $8,154.48, leaving due appellant the sum of $4,051.31; that the payments by the automobile dealers of Seguin were made by checks drawn in favor of appellant, and indorsed by Nevill as "Grayburg Oil Company, H. D. Nevill," or as "Grayburg Oil Company," and were by said bank placed to the credit of the personal account of said Nevill. The court rendered a judgment against H. D. Nevill in favor of appellant for $3,112.94, with interest from date of judgment, and costs, and that appellant take nothing as to the Commercial National Bank.

The court found as facts that appellant, on or about May 13, 1925, and at various times thereafter up to October 2, 1925, sold gasoline to the Seguin Auto Dealers' Association, which was a partnership composed of John R. Walker and H. D. Nevill; that appellant knew Walker was a partner in the association, but did not know Nevill was a partner of said firm; that the goods, wares, and merchandise were sold by appellant directly to the Auto Dealers' Association, and not to the individual firms in Seguin, to whom appellant alleged they were sold; and that appellant, while not knowing that Nevill was a member of the Auto Dealers' Association, knew that John R. Walker was a partner in that concern and that Nevill was acting for Walker or the association in

300 S.W.—61

hiring and paying drivers of trucks belonging to the association and in the collection of money and checks for merchandise sold by the auto association to individual dealers. The court further found that the Seguin Auto Dealers' Association, before opening an account with appellant, purchased a truck in the name of Nevill with the consent of appellant, and had it equipped with a large gasoline tank, purchased by the association or partnership from appellant, and had it painted so as to resemble trucks belonging to appellant, being distinguished by having the words "Grayburg Oil Company Products" painted on it instead of "Grayburg Oil Company." None of the goods, wares, and merchandise mentioned in the petition were sold by appellant to any of the dealers in Seguin named in the account, nor did appellant look to them for payment, and none of them were liable to appellant for any sum of money. The court further found:

"The Seguin Auto Dealers' Association, a partnership composed of John R. Walker and the defendant, H. D. Nevill, sold the gasoline and oil purchased by said partnership from plaintiff to the individual dealers in Seguin, Tex., hereinbefore mentioned. which said gasoline and oil was paid for by checks and cash, which said checks and cash were delivered to the truck driver who was then and there employed by the partnership, and who received said checks and moneys for and thereafter delivered them to the said Nevill. Most of the checks were payable to the order of the Grayburg Oil Company, but some of said checks were payable to the order of Grayburg Oil Company Products. That said moneys and checks were given for the purchase price of the gasoline and oil received by the purchasers at Seguin from said partnership or association, and not to be applied to any other account or purpose. That the purchasers of said gasoline and oil from the Seguin Auto Dealers' Association, a partnership, believed at the time that they were dealing with the Grayburg Oil Company, plaintiff herein, but the plaintiff, the Grayburg Oil Company, well knew at said time that the said purchasers, that is, the individual dealers in Seguin, were dealing with the association or partnership, and plaintiff knew that the funds and checks given by said purchasers were the property of the association or partnership, and not the property of the plaintiff.

"The defendant, H. D. Nevill, indorsed the checks received by him in exchange for the merchandise belonging to and sold by the Seguin Auto Dealers' Association, a partnership of which said Nevill was a member, signing said checks on the back thereof, "Grayburg Oil Company, H. D. Nevill," and cashed said checks at the Commercial National Bank of San Antonio, and deposited the same in said bank to the credit of the personal account of the said H. D. Nevill, and that the total amount of the checks so cashed and deposited was $5,139.86.

"During the time between the 13th day of May and December 4, 1925, the defendant, H. D. Nevill, purchased cashier's checks from the defendant, the Commercial National Bank of San Antonio, using the proceeds of the checks

so deposited by the defendant, H. D. Nevill, payable to the Grayburg Oil Company as aforesaid, in purchasing said cashier's checks, the said cashier's checks being in the total sum of $5,773.17, and which said checks were payable to the order of the Grayburg Oil Company, and were delivered to plaintiff and cashed by plaintiff and applied on the account of the Seguin Auto Dealers' Association, of which said Nevill was a member; the said cashier's checks so received by the plaintiff being greater in the total amount than the checks payable to the Grayburg Oil Company as aforesaid and deposited in the defendant bank.

"Long prior to and after May 13, 1925, and until October 2, 1925, the defendant, H. D. Nevill, was the assistant sales manager of the plaintiff, the Grayburg Oil Company, and as such sales manager did, on numerous occasions, prior to May 13, 1925, with the knowledge of the plaintiff, indorse numerous checks payable to the order of the Grayburg Oil Company and signed the name of the "Grayburg Oil Company, by H. D. Nevill," and on some occasions used a stamp, and on other occasions by merely signing by pen and ink. The said checks payable to plaintiff were so indorsed by the defendant, Nevill, and by him cashed at the said Commercial National Bank of San Antonio, and the plaintiff, Grayburg Oil Company, never notified the said Commercial National Bank of any disapproval or lack of authority on the part of the said Nevill to so cash said checks.

"The checks deposited by the defendant, Nevill, with the Commercial National Bank were the property of the Seguin Auto Dealers' Association, a partnership of which the said defendant, Nevill, was a member, and as a member of such partnership the said Nevill was entitled to the proceeds of said checks."

Most of the propositions question the sufficiency of the statement of facts to sustain the findings of fact. We find, however, that the evidence is reasonably sufficient to sustain the findings of fact, and the first, third, fourth, fifth and sixth propositions are overruled.

It was admitted by Watson, the sales manager of the Grayburg Oil Company, that appellant did not sell gasoline to any private dealer in Seguin, but sold to the Seguin Auto Dealers' Association. Dr. F. L. Thomson, president of the Grayburg Oil Company, swore that his company sold the gasoline to the Seguin Auto Dealers' Association, and that appellant did not look to any one but the association for payment of the accounts.

[1] The court necessarily passed upon the credibility of the witnesses and the weight to be given their testimony, and he was justified in crediting the testimony of Nevill as to the gasoline being sold to the association at a rate three cents lower than it was sold to dealers in San Antonio, the three cents to be utilized by Nevill. Nevill swore:

"I collected from the individual dealers in Seguin three cents per gallon more than the Seguin Auto Dealers paid the Grayburg Oil Company for the gasoline. There was three cents gross between the price billed at the warehouse and what they sold it for to the individual dealers in Seguin."

Watson, sales manager for appellant, testified:

"I am the head of the sales department, and I did make this arrangement whereby I agreed to let them have this gasoline three cents under tank wagon prices f. o. b. San Antonio."

He testified that when he told Dr. Thomson, the president of the company, about the arrangement he made no objection. The three cents a gallon was, after the sales had been made by Nevill, added to the account on the ledger of appellant. The court properly deducted that increased sum from the claim of appellant.

The officers and managers of appellant knew about the organization of the Seguin Auto Dealers' Association and admitted that they sold the gasoline to that association, and the evidence showed that Watson, the sales manager, knew that John R. Walker controlled that association and that Nevill was acting for and with him.

[2] The bank is not liable to appellant under any theory of the case presented by the evidence or the brief of appellant. Nevill was apparently clothed with authority to have the amount of the checks drawn in favor of appellant placed to his individual credit, and afterwards out of the funds deposited Nevill paid every dollar of the amount made payable to appellant. Nevill was given full sway and plenary powers, and the bank was justified in assuming that he had the right and authority to act as he did. Appellant was charged with knowledge of his acts and was bound by them. The bank did not convert one dollar of the money deposited by Nevill to its own use and benefit, but paid out, as directed by him to appellant, the full amount of all sums deposited from checks drawn in favor of appellant. Nevill had been assistant sales manager for appellant and had a rubber stamp furnished him by appellant for indorsing paper payable to appellant which read:

"For deposit to the account of the Grayburg Oil Company, by ———."

Nevill had been indorsing the paper of appellant to the bank for several years before the Seguin transactions. Appellant did not at any time own any of the checks given by the individual gasoline dealers in Seguin. Appellant had no transactions with them, but sold the gasoline they received to the Seguin Auto Dealers' Association, and that firm sold to whom they pleased, and, of course, owned the proceeds arising from such sales.

Nevill collected no money belonging to appellant, but money belonging to the partnership of which he was a member, and the bank had no money deposited with it belonging

to appellant, and it cannot be held liable for paying out money to Nevill which was owned by him.

The judgment is affirmed.